[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S PETITION FOR A NEW TRIAL
The defendant, Ronald Schiavo, has petitioned for a new trial, pursuant to General Statutes § 52-270. The petition for new trial was filed on November 21, 2002.
The Court, after review of the petition, requested a memorandum of law from the defendant in order to ascertain the basis of the defendant's request. The defendant's memorandum of law in support of the petition for a new trial was filed on January 31, 2003. The state's objection to the petition for new trial was filed on February 7, 2003.
Factual History
The defendant was convicted by a jury of twelve on September 20, 2002 of the crime of manslaughter in the first degree with a firearm in violation of General Statutes Section 53a-55a. The matter was scheduled for sentencing on November 18, 2002. At the sentencing hearing, the state's sentencing argument made reference to the defendant's correspondence, which had been confiscated at a correctional facility. The specific piece of confiscated mail was not physically presented to the court. After comment on this by the State, counsel for the defendant requested a continuance in the sentencing hearing in order for the defendant to seek a federal investigation into the source of the correspondence. The Court denied the defendant's request for a continuance of the sentencing. The comments of the assistant state's attorney on the confiscated correspondence had no bearing on the court's imposition of sentence.[1]
After a review of all the legal motions and relevant facts, the Court makes the following decision.
 DECISION CT Page 2578-dz
The defendant's memorandum of law in support of the petition for new trial presents to the Court the basis for its petition and, specifically, relies upon a violation of the rules of discovery in criminal cases. Counsel for the defendant argues that the rules of discovery in criminal cases were violated. The specific incident that the defendant argues violated discovery rules is alleged to have occurred at the sentencing of the defendant. The defendant does not claim that it involves any witness or evidence that occurred during the course of the trial.[2]
In addition, the defendant requests a hearing to determine if there were any "other disclosures" by the Commissioner of Corrections to the state's attorney's office which "may have" compromised his case.
The defendant's petition for new trial is not based on any specific event or evidence that may have affected his trial. In fact, it does not relate to any factual issues of the trial during the guilt phase.
The Court finds that the defendant's request in this motion is nothing more than a "fishing" expedition, totally attenuated from any of the issues of the trial of this case.
The Court finds that the defendant has not presented any basis to conduct a hearing on his motion for an evidentiary hearing on his petition for a new trial.
Therefore, the defendant's request for a hearing on his petition for a new trial is denied.[3]
BY THE COURT
Frank M. D'Addabbo, Jr., J.
Dated: February 14, 2003